

**CT Corporation**

**Service of Process Transmittal**
10/12/2009
CT Log Number 515559432

| | |
|---|---|
| **TO:** | Lisa Brown, Legal Dept.<br>Hewlett-Packard Company<br>3000 Hanover Street, MS 1050<br>Palo Alto, CA 94304 |
| **RE:** | **Process Served in Mississippi** |
| **FOR:** | Hewlett-Packard Company (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | America's Foundation, Pltf. vs. Hewlett-Packard Company, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Proof of Service Form, Complaint, Verification, Attachment |
| **COURT/AGENCY:** | Hinds Chancery Court- 2nd Judicial District, MS<br>Case # G2009-114 T/1 |
| **NATURE OF ACTION:** | Breach of Contract |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Flowood, MS |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/12/2009 at 13:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days of service |
| **ATTORNEY(S) / SENDER(S):** | Richard Barrett<br>5722 Learned Road<br>Learned, MS 39154<br>601-885-2288 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 791243295100<br>Image SOP<br>Email Notification, Cindy Bunyan cindy.bunyan@eds.com<br>Email Notification, Lisa Brown lisa.brown@hp.com<br>Email Notification, John F. Schultz jschultz@hp.com<br>Email Notification, Ellen Brigham ellen.brigham@eds.com<br>Email Notification, Lady Custodio lady.custodio@hp.com<br>Email Notification, Paula Rozell paula.rozell@eds.com<br>Email Notification, Dorothy Culham dorothy.culham@eds.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 645 Lakeland East Drive<br>Suite 101<br>Flowood, MS 39232 |
| **TELEPHONE:** | 601-936-7400 |

Page 1 of  1 / JS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT 1**

IN THE CHANCERY COURT OF THE SECOND JUDICIAL DISTRICT OF
HINDS COUNTY, STATE OF MISSISSIPPI

AMERICA'S FOUNDATION, Plaintiff(s)

VS

HEWLETT-PACKARD COMPANY, Defendant(s)

Civil Action, File No. G2009-114 T/1

## SUMMONS

The State of Mississippi

TO: HEWLETT-PACKARD COMPANY
C/O CT CORPORATION SYSTEM, AGENT FOR PROCESS
631 LAKELAND EAST DRIVE, FLOWOOD MS 39232

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to RICHARD BARRETT, the attorney for the Plaintiff(s), whose address is PO BOX 2050, LEARNED MS 39154.

Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgement by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 12th day of October, 2009.

EDDIE JEAN CARR, CHANCERY CLERK

P. O. Box 88
Raymond, Mississippi 39154

**(Process Server)**

(Use separate proof of service for each person served)

_____
Name of Person or Entity Served

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE. By mailing (by first class mail, postage prepaid) copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (**Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B**).

_____ PERSONAL SERVICE. I personally delivered copies to _____ on the _____ day of _____, 20_____, where I found said person in _____ county of the State of _____.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ county, _____ . I served the summons and complaint
                                                        (state)
on the _____ day of _____, 20_____, at the usual place of abode of said peron by leaving a true copy of the summons and complaint with _____

who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 20_____, I mailed, By first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (**Attach signed return receipt or other evidence of actual delivery to the person served.**)
At the time of service I was at least 18 years of age and not a party to this action.

Fee for service:   $ _____

Process server must list below: [Please print or type]

Name _____

Address _____

Telephone No. _____

STATE OF _____

COUNTY OF _____

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process server (signature)

Sworn to and subscribed before me this the _____ day of _____, 20_____.

(Seal)

_____
NOTARY PUBLIC

IN THE CHANCERY COURT OF HINDS COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT
RAYMOND, MISSISSIPPI

**FILED**
OCT 12 2009
EDDIE JEAN CARR, CHANCERY CLERK
BY_____D.C.

| | |
|---|---|
| AMERICA'S FOUNDATION,<br>Plaintiff | Civil Action |
| Versus | Cause No. G-2009-114 |
| HEWLETT-PACKARD COMPANY,<br>Defendant | **COMPLAINT**   T/1 |

COMES NOW Plaintiff, America's Foundation, and submits this its Complaint against Defendant, Hewlett-Packard Company, respectfully saying, as follows, to-wit:

1. Plaintiff is a non-profit corporation, domiciled in and incorporated under the laws of the State of Mississippi, whose principal place of business is at 5722 Learned Road, PO Box 2016, Learned, Mississippi 39154, in Hinds County, Mississippi, in the Second Judicial District thereof.

2. Defendant is a for-profit, business corporation, incorporated under the

1

laws of the State of Delaware, whose principal place of business is at 300 Hanover Street, Palo Alto, California, doing business in the Second Judicial District of Hinds County, Mississippi, whose agent for process is CT Corporation System, 631 Lakeland East Drive, Flowood, Mississippi 39232.

3. On or about February 12, 2008, Plaintiff contracted in writing with Defendant for a "full-service, parts, labor and materials, next-day on-site service" agreement, whereby Defendant would provide full repair and maintenance service for a 9500 MFP printer, manufactured and sold by Defendant and purchased, owned and used by Plaintiff in the said Second Judicial District.

4. Plaintiff paid Defendant the sum of approximately $3,000.00, as the full amount of said service-contract, which extended for a period of five years, or until approximately February 12, 2013.

5. Plaintiff has performed all of its obligations under said contract, in good faith and in a commercially reasonable manner.

6. As to said obligations under said contract, Defendant has wrongfully refused and still refuses to perform repairs on said printer, but, instead, has purported to "terminate" the said contract, according to a notice dated on or about October 2, 2009, a true copy thereof being annexed hereto and made a

part hereof as Exhibit "A."

7. The "environment" of Plaintiff is safe and hazard-free and Defendant has not advised Plaintiff now or at any time heretofore, what, if anything, it specifically objects to regarding said "environment."

8. Plaintiff was at all times, and still is, ready, willing and able to complete the said contract, by making the said defective printer reasonably and properly available to Defendant, for repair and servicing, as well as to make any reasonable modifications or improvements necessary, in the said "environment," for completion and fulfillment of said contract.

9. Plaintiff has duly and repeatedly notified Defendant, via telephone calls and written communications, of the "down" condition of the said printer and implored Defendant to perform its said obligations, under said contract, but Defendant has failed and refused, and still fails and refuses, to do so.

10. Plaintiff has no plain, speedy and adequate legal-remedy, in that the 9500 MFP printer is unique, in that only trained and authorized technicians of Defendant are able or willing to work on or repair said equipment or provide proper parts, for which Plaintiff cannot obtain similar or duplicate repair service, on the open market.

3

11. The said contract is fair and equitable and is supported by adequate consideration.

12. Defendant has acted in bad faith or in a commercially unreasonable manner.

13. By reason of Defendant's failure and refusal to perform said contract, according to its terms, Plaintiff has sustained the following special damages:

(a) The value of the unexpired portion of the said service-contract of the sum of approximately $2,500.00;

(b) The replacement value of the said printer, by a like device, insofar as the said printer is worthless without a service-contract or in operable condition or both, such amount being approximately $23,000.00;

(c) The cost of service for the replacement printer, for the unexpired term of the contract, of approximately $4,500.00.

(d) The cost of the supplies of Plaintiff, used by Defendant in a previous repair, supposed to be replaced in-kind, but not replaced, for a sum of approximately $6,500.00.

(e) The cost of supplies for the said printer, on hand, of Plaintiff, usable only by the said printer and worthless without the said printer or printer in a

4

usable condition, for the sum of approximately $40,000.00.

WHEREFORE, Plaintiff prays judgment against Defendant, as follows:

1. That Defendant be required to specifically perform said contract by performing full repair-service, including parts, labor and materials, next-day on-site service;

2. If specific performance cannot be granted, for damages in the amount of $76,500.00;

3. For costs of suit; and,

4. For such other and further relief, as the Court deems just and proper.

Respectfully submitted,

*[signature]*
ATTORNEY FOR PLAINTIFF

Richard Barrett
  Attorney for Plaintiff
    America's Foundation
PO Box 2050
5722 Learned Road
Learned, Mississippi 39154
601-885-2288

## VERIFICATION

STATE OF MISSISSIPPI

COUNTY OF __Hinds__

COMES NOW Vince Thornton, after being duly deposed on his oath, saying that he is Secretary of the foregoing America's Foundation, Plaintiff herein, duly entrusted and qualified, in said capacity, to make this verification, and that the maters and facts, set forth in the foregoing Complaint, are true and correct, according to the best of his knowledge, information or belief.

_____
VINCE THORNTON

SWORN AND SUBSCRIBED BEFORE ME, the undersigned authority, this the __12th__ Day of October, 2009.

_____
NOTARY PUBLIC

My Commission Expires:

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES: Feb 26, 2011
BONDED THRU NOTARY PUBLIC UNDERWRITERS

6



## Notice of Termination of HP Care Pack Support Service Agreement

Richard Barrett
Americas Foundation
5722 Learned Road
Raymond, MS  39154

Re:   Support Agreement No. U8022E
      Customer ID No. 2C017YY5

Dear Mr. Barrett:

We regret to inform you that Hewlett-Packard Company hereby terminates the above-referenced Care Pack Support Service Agreement. The environment in which the HP products are located is hazardous and is unsafe for HP employees to perform the services.

A refund check for the fee for these services will be forthcoming.

Regards,

Hewlett-Packard Company

